IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREEDOMROADS HOLDING COMPANY, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE WEISSMANN,<br><br>　　　　　　　Defendant. | No. 1:21-cv-1514 |

## COMPLAINT

Plaintiff FreedomRoads Holding Company, LLC ("Plaintiff"), by its undersigned counsel, states as its Complaint against Steve Weissmann ("Weissmann" or "Defendant"), as follows:

## SUMMARY OF ACTION

1. Defendant owes Plaintiff more than $3 million in principal and interest on a promissory note for which he is the guarantor. Since January 2020, neither the borrower on the note nor Defendant as guarantor has paid Plaintiff a penny of the millions of dollars owed to Plaintiff. On March 4, 2020, the borrower filed for bankruptcy protection, triggering an immediate obligation under the note for Defendant to pay all outstanding principal and interest, as well as all attorneys' fees and costs incurred by Plaintiff in collecting the amounts due. Defendant has not done so, forcing Plaintiff to resort to this Court to enforce its rights.

2. As detailed below, Plaintiff lent over $2.5 million to Tumbleweed Tiny House Company ("Tumbleweed") through a series of secured promissory notes to help fund Tumbleweed's growth as a company. Tumbleweed borrowed these millions of dollars over the course of ten loans in 2017 and 2018. On February 15, 2019, Plaintiff (as lender), Tumbleweed

(as borrower), and Defendant (as guarantor) consolidated the loans, along with accrued and unpaid interest, into a certain Consolidated Secured Promissory Note (the "Note"). A true and correct copy of the Note is attached hereto and incorporated as Exhibit 1.

3. Plaintiff now brings this case to collect the money unequivocally due under the terms of the Note, amounting to more than $3 million of principal and interest, with default rate interest accruing every day. Pursuant to the Note, Plaintiff also seeks all attorneys' fees and costs it has incurred (and continues to incur) to collect the money it is owed.

## PARTIES

4. Plaintiff FreedomRoads Holding Company, LLC is a limited liability company formed under the laws of the State of Minnesota, with its principal place of business in Lincolnshire, Illinois.

5. Defendant Steve Weissmann is an individual. Upon information and belief, Defendant resides in Sonoma, California.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because this case is between citizens of different states and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendant pursuant to the terms of the Note, by which Defendant "irrevocably submit[ted] to the *in personam* jurisdiction…of the United States District Court for the Northern District of Illinois . . . for the purpose of any suit, action, or other proceeding arising out of or based upon [the] Note[.]" *See* Ex. 1 at 8-9.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. *See* Ex. 1 at 8-9. The Note provides that the United States District Court for the Northern District of Illinois and other courts located in Cook County, Illinois "shall be the exclusive venue for resolution of any

disputes arising from or relating to this Note, the loan made hereunder, or security interest granted herein." *Id.* at 9.

## **FACTS**

9. On or about March 1, 2019, Defendant executed the Note, both in his individual capacity as "Guarantor" and in his capacity as President of Tumbleweed as "Borrower." *See* Ex. 1 at 9-10.

10. Plaintiff's President, Brent Moody, executed the Note the same day. *See* Ex. 1 at 10.

11. Plaintiff is, together with its permitted successors and assigns, the "Lender" under the Note.

12. The Note has an effective date of February 15, 2019. *See* Ex. 1 at 1.

13. The Note has a principal amount of $2,753,432.11. *See* Ex. 1 at 1. The following table excerpted from the Note details the principal and interest owed under the previous notes as of the date they were consolidated into the Note:

WHEREAS, the outstanding indebtedness owed under the Prior Promissory Notes is the following:

| Promissory Note Dated | Principal Currently Outstanding | Accrued and Unpaid Interest as of Effective Date | Total Accrued and Unpaid Principal and Interest as of Effective Date |
|---|---|---|---|
| August 14, 2017 | $155,500.00 | $14,507.25 | $170,007.25 |
| September 13, 2017 | $500,000.00 | $46,647.11 | $546,647.11 |
| October 19, 2017 | $721,000.00 | $62,604.96 | $783,604.96 |
| December 29, 2017 | $125,000.00 | $9,260.42 | $134,260.42 |
| January 12, 2018 | $125,000.00 | $8,946.22 | $133,946.22 |
| January 19, 2018 | $125,000.00 | $8,789.12 | $133,789.12 |
| February 2, 2018 | $125,000.00 | $8,474.92 | $133,474.92 |
| February 16, 2018 | $250,000.00 | $16,321.45 | $266,321.45 |
| March 22, 2018 | $250,000.00 | $14,795.36 | $264,795.36 |
| April 19, 2018 | $177,000.00 | $9,585.31 | $186,585.31 |
| | | Total | $2,753,432.11 |

01295977-1    26606490.1

14.  As part of the inducement to Plaintiff to make and consolidate these loans, Defendant agreed to guarantee "the due and punctual payment, observance, performance and discharge of all of the Obligations of [Tumbleweed] under [the] Note if and when due." *See* Ex. 1 at 4.

15.  Under the terms of the Note, Defendant "absolutely, unconditionally and irrevocably guarantee[d] to Lender the due and punctual payment, observance, performance and discharge of all of the Obligations of [Tumbleweed] under this Note if and when due." *See* Ex. 1 at 4.

16. The terms of the Note further provide that Plaintiff "may proceed against [Defendant] separately or collectively with [Tumbleweed] without prejudicing any of Lender's rights.…" *See* Ex. 1 at 4.

17. The Note also provides that "[in] the event [Tumbleweed] fails to perform, satisfy or observe the terms of this Note required to be performed, satisfied or observed by [Tumbleweed], [Defendant] will promptly and fully perform, satisfy and observe such obligations in the place of [Tumbleweed]." *See* Ex. 1 at 4.

18. As security for the obligations he guaranteed under the Note, Defendant pledged all of his equity interests in Tumbleweed. *See* Ex. 1 at 5.

19. Under the terms of the Note, all principal and accrued interest was to "become immediately due and payable without any notice, declaration or other act on the part of Lender" in the event either Tumbleweed or Defendant "commences any proceeding in bankruptcy." *See* Ex. 1 at 7.

20. On March 4, 2020, Tumbleweed filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. *See In re Tumbleweed*, No. 20-11564 (KHT) (Bankr. D. Colo. Mar. 4, 2020), ECF No. 1.

21. Accordingly, all principal and interest became immediately due and payable by Defendant on March 4, 2020.

22. The Note provides for a base rate of interest of 6.5% per annum. On top of that, a default by Tumbleweed (the borrower), triggers additional interest at a default interest rate of 3.0% from and after the date any "payment of principal or interest due under [the] Note is not made when due." *See* Ex. 1 at 3.

23. As of March 18, 2021, the total amount due under the Note for principal and interest is no less than $3,038,761.37.

24. The Note also provides that Defendant must "pay, reimburse and indemnify Lender for any and all reasonable attorneys' fees arising or resulting from the failure of [Tumbleweed] to perform, satisfy or observe any of the terms of [the] Note." *See* Ex. 1 at 4.

## COUNT I:

### Breach of Contractual Obligation Under Note Guarantee

25. Plaintiff incorporates by reference and realleges as if the same were fully set forth herein the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. The Note constitutes a valid and binding contract, enforceable against Defendant in accordance with its terms.

27. Plaintiff performed all of its obligations under the original notes and the consolidated Note, and it is entitled to enforce the instrument both on the face of the Note and also pursuant to Illinois statute. *See* 810 ILCS § 5/3-308.

28. Pursuant to the terms of the Note, Defendant is personally liable for all amounts due and owing to Plaintiff, including accruing interest, attorneys' fees, and court and collection costs incurred by Plaintiff in its efforts to collect the amounts due and owing.

29. Defendant breached his obligations under the terms of the Note for, among other things, failing to repay Plaintiff all principal and interest when it became due and payable on March 4, 2020.

30. As of the date of this filing, Defendant failed to pay the amounts due and owing to Plaintiff.

31. Plaintiff has been damaged by Defendant's breach of the Note in an amount no less than $3,038,761.37.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant Steve Weissmann as follows, granting the following relief:

(A) Damages in an amount no less than $3,038.761.37, plus all amounts reflecting interest accruing before the date of payment;

(B) All costs and fees incurred herein;

(C) Plaintiff's attorneys' fees incurred in collecting the amounts owed by Defendant; and

(D) Such other and further relief as the Court deems just and proper.

Date: March 18, 2021

Respectfully submitted

/s/ Eric R. Swibel
One of the Attorneys for Plaintiff

Eric R. Swibel (ARDC No. 6297743)
   eric.swibel@lw.com
Caroline A. Reckler (ARDC No. 6275746)
   caroline.reckler@lw.com
Jason B. Gott (ARDC No. 6309114)
   jason.gott@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767